**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN ROBERTSON, individually and
derivatively on behalf of CSX CORP.,

        Plaintiff,

                                  Case No. 3:18-cv-487-J-34MCR

vs.

DONNA M. ALVARADO, et al.,

        Defendants.

and

CSX CORP.,

        Nominal Defendant

_____/

### O R D E R

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001).   This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

On April 13, 2018, Plaintiff, individually and derivatively on behalf of CSX Corp., filed his Verified Shareholder Derivative Complaint (Doc. 1; Complaint).  In the Complaint, Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "upon information and belief, there is complete diversity of citizenship among the parties," and "the amount in controversy in this case exceeds $75,000.00."  See Complaint ¶ 10.  Specifically, Plaintiff alleges that he is a "resident of Texas," and that the individual Board member Defendants have a "principal place of business" in Jacksonville, Florida.  Id. ¶¶ 12-28.  In addition, Plaintiff asserts that "Nominal Defendant CSX Corporation is incorporated in Virginia with its principal place of business" in Jacksonville, Florida.  Id. ¶ 13.  These allegations are insufficient to demonstrate the citizenship of the Plaintiff or individual Defendants.  As such, the Court is unable to determine whether it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  Here, the Complaint discloses Plaintiff's residence, but does not identify his domicile or state of citizenship.  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  Taylor, 30 F.3d at 1367 (emphasis supplied);

see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence'"). Likewise, as to the individual Defendants, Plaintiff identifies their "principal place of business" but fails to allege their respective states of citizenship. Accordingly, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's diversity jurisdiction over this case.

In addition, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count Two of the Complaint incorporates by reference all allegations of the preceding count. See Complaint ¶ 93.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court

in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Finally, the Court notes that Rule 23.1, Federal Rules of Civil Procedure (Rule(s)), sets forth certain pleading requirements for derivative actions such as this one. Among other things, Rule 23.1(b)(2) provides that the complaint must "allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack." Upon review of the Complaint, it appears that Plaintiff failed to comply with this requirement. In light of the foregoing, the Court will give Plaintiff an opportunity to file an amended verified complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action,[1] complies with Rule 23.1, and corrects the shotgun nature of the Complaint.

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. <u>See</u> <u>Thermoset Corp. v. Bldg. Materials Corp of Am.</u>, 849 F.3d 1313, 1315-16 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); <u>see also</u> <u>Purchasing Power, LLC v. Bluestem Brands, Inc.</u>, 851 F.3d 1218, at 1222, 1228 (11th Cir. 2017) (discussing

**ORDERED**:

1.      The Verified Shareholder Derivative Complaint (Doc. 1) is **STRICKEN**.

2.      Plaintiff shall file an amended verified complaint which complies with this Order on or before **May 14, 2018**.  Failure to do so may result in a dismissal of this action.

3.      Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on April 23, 2018.


MARCIA MORALES HOWARD
United States District Judge


lc11
Copies to:

Counsel of Record
Pro Se Parties

---

whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").